IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-883-BO

| | |
|---|---|
| BARTLETT C. PERRY,<br>Plaintiff, | )<br>)<br>) |
| v. | )    **O R D E R** <br>) |
| CAROLYN COLVIN,<br>Acting Commissioner of Social Security,<br>Defendant. | )<br>)<br>)<br>) |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [DE 15, 17]. A hearing on this matter was held in Elizabeth City, North Carolina on November 18, 2015. For the following reasons, this matter is remanded for further proceedings consistent with this opinion.

## BACKGROUND

Plaintiff applied for Title II disability insurance benefits and Title XVI supplemental security income benefits on October 5, 2011, alleging disability as of September 14, 2011. [Tr. 69, 175]. His application was denied initially and upon reconsideration. [Tr. 69–70, 121–22]. After a hearing at which plaintiff appeared via video, an Administrative Law Judge (ALJ) rendered an unfavorable decision on August 21, 2013. [Tr. 21]. The Appeals Council denied plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner on October 22, 2014. [Tr. 1]. Mr. Perry now seeks judicial review.

## DISCUSSION

When a social security claimant appeals a final decision of the Commissioner, the Court's ·review is limited to the determination of whether there is substantial evidence to support the Commissioner's findings and whether the Commissioner employed the correct legal standard. 42

U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

In evaluating whether a claimant is disabled, an ALJ uses a multi-step process. First, a claimant must not be able to work in a substantial gainful activity. 20 C.F.R. § 404.1520. Second, a claimant must have a severe impairment that significantly limits his or her physical or mental ability to do basic work activities. *Id.* Third, to be found disabled, without considering a claimant's age, education, and work experience, a claimant's impairment must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* Fourth, in the alternative, a claimant may be disabled if his or her impairment prevents the claimant from doing past relevant work and, fifth, if the impairment prevents the claimant from doing other work. *Id.* The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

At step one, the ALJ determined that plaintiff met the insured status requirements and had not engaged in substantial gainful activity since his application date. [Tr. 23]. The ALJ found that Mr. Perry's degenerative disc disease, hypertension, obesity, and depression constituted severe impairments at step two but were not were found alone or in combination to meet or equal a listing at step three. [Tr. 23–24]. The ALJ concluded that plaintiff had the residual functional capacity (RFC) to perform a modified range of sedentary work, but was unable to do his past relevant work in forklifting and construction. [Tr. 25, 29]. Relying on the testimony of a vocational expert, the ALJ concluded that jobs exist in significant numbers in the national

2

economy that plaintiff was capable of performing, including document preparer, addresser, and order clerk. [Tr 29–30]. Therefore, the ALJ concluded that plaintiff was not disabled.

Listing 1.04A requires a disorder of the spine resulting in compromise of a nerve root or the spinal cord, with "[e]vidence of nerve root compression characterized by [1] neuro-anatomic distribution of pain, [2] limitation of motion of the spine, [3] motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, [4] positive straight-leg-raising test (sitting and supine)[.]" *Radford v. Colvin*, 734 F.3d 288 at 291 (quoting 20 C.F.R. Pt. 404, Supbt. P, App. 1, § 104A). Despite a 2011 MRI from Maria Parham Hospital that revealed moderate lift/central disc extrusion at the L5–S1 level of the lumbar spine with compression, a 2011 diagnosis of L5–S1 disc degeneration and left side herniation from Triangle Orthopedic Associates, and a consultative examination that found tenderness to palpation of the lumbar spine, positive left straight leg raise, slow and antalgic gait, and significant difficulty with heel, toe and tandem walking, the ALJ failed to consider Listing 1.04A at all. [Tr. 274, 297–99, 324]. This was clearly error, as there is a fair amount of evidence in the record to support plaintiff's claim. Although a claimant bears the burden of demonstrating that his impairment meets or equals a listing, *Kellough v. Heckler*, 785 F.2d 1147, 1152 (4th Cir. 1986), failure to explain the reasons for determining that a condition does not meet or equal a listing is error, *Cook v. Heckler*, 783 F.2d 1168, 1172–73 (4th Cir. 1986).

Additionally, the ALJ's credibility assessment was flawed. In support of his finding that plaintiff was not credible, the ALJ cited conservative treatment, no record of nerve compression, and his personal observations that "did not reveal any evidence of a change in motor tone or bulk such as disuse atrophy, or other change . . . which might be expected in a person whose activities

3

are markedly restricted due to a debilitating disease process." [Tr. 29]. When analyzing a claimant's credibility, an ALJ must consider the objective medical signs, diagnoses and prognoses given by medical providers, how well their testimony lines up with their statements in the record, and the strength of the work history prior to alleging disability. *See* SSR 96– 7p. If a plaintiff meets his threshold obligation of providing objective medical evidence of a condition reasonably likely to cause the claimed pain, she is entitled to "rely exclusively on subjective evidence" to demonstrate that his pain is "so continuous and/or so severe that it prevents him from working a full eight hour day." *Hines v. Barnhart*, 453 F.3d 559, 564 (4th Cir. 2006).

It is clear that plaintiff has a medical condition reasonably likely to cause the pain he claims to experience. As discussed above, he had positive straight leg raises, disc herniation, and disc extrusion with compression in his lumbar spine, confirmed by an MRI. [Tr. 274, 297]. Such disc extrusion and herniation is consistent with Mr. Perry's complaints of lower back pain traveling to his left leg. [Tr. 270–72]. There is distinct evidence of nerve compression in the record. The ALJ's conclusion to the contrary is unsupported, as are his findings regarding plaintiff's conservative treatment. Plaintiff <u>was</u> advised to pursue surgery as an option, but treatment notes indicate that finances were a problem. [Tr. 297–99]. He also was told that a discectomy was unreliable for relieving back pain. [Tr. 298]. The conservative treatment, therefore, is explained by plaintiff's finances and medical advice regarding the efficacy of more aggressive treatment. It is in no way inconsistent with plaintiff's complaints of pain.

Because Mr. Perry has a medical condition reasonably likely to cause his alleged pain, he is entitled to rely entirely on subjective evidence to demonstrate that he is disabled. In addition to his subjective complaints of pain, the record contains numerous examples of Mr. Perry's need to take frequent breaks and inability to stand for extended periods of time. The caseworker who

4

took Mr. Perry's initial application observed "he also complained of pain as he sat throughout the interview and he had to stand up several times." [Tr. 216]. Dr. Ricci noted that Mr. Perry "walked with a shuffling and limping gait and his daughter supported him . . . His legs were shaking at times. He was constantly shifting in his chair due to reports of back pain." [Tr. 351]. December 2012 observations by a physician noted that he was "very comfortable sitting, changing positions frequently." [Tr. 378]. The weight of the evidence supports Mr. Perry's credibility as it relates to his subjective back pain.

Notably, however, the ALJ did not find Mr. Perry credible, citing in part his personal observations. [Tr. 29]. The Court finds it hard to believe that the ALJ could accurately assess Mr. Perry's credibility via video. It is common knowledge that the ability to read body language and non-verbal cues is vastly diminished in a video setting. Any reliance on "personal observations" attained via video-conference is questionable at best, and erroneous, at worst. It gives the Court great pause that an ALJ would deny disability based on a credibility determination made via video-conference.

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one which "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F.Supp. 230, 236 (E.D.N.C. 1987). It is appropriate for a federal court to "reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974). Remand is required when the ALJ fails to explain his reasoning and there is ambivalence in the medical record, precluding a court from "meaningful review." *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013) (citing *Kastner v. Astrue*, 697 F.3d 642, 648 (7th Cir. 2012)). The

5

appropriate action here is to remand the case, for consideration of Listing 1.04 and a re-assessment of plaintiff's credibility in light of the clear evidence that plaintiff has a medical condition reasonably likely to cause the pain he claims to experience. Upon remand, the ALJ is to hold an in-person hearing in order to ensure that plaintiff's credibility is accurately evaluated.

## CONCLUSION

For the foregoing reasons, the plaintiff's motion for judgment on the pleadings [DE 15] is GRANTED, defendant's motion for judgment on the pleadings [DE 17] is denied, and the matter is REMANDED to the Commissioner for further proceedings consistent with this decision.

SO ORDERED, this __7__ day of December, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE